IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS BELL,** | |
| Plaintiff, | |
| v. | Case No. 24-cv-2587-NJR |
| **SGT. BRIDWELL and LAWRENCE CORRECTIONAL CENTER,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a letter submitted by Demetrius Bell. Bell, who is an inmate of the Illinois Department of Corrections and currently incarcerated at Lawrence Correctional Center, initially filed his letter with the United States District Court for the Central District of Illinois. The letter was labeled a Complaint and transferred to this Court.[1]

Bell's letter indicates that he is currently on suicide watch under conditions that Bell believes are impacting his mental health and increasing his suicidal thoughts and tendencies. Bell notes that he has been on suicide watch for two weeks but has not been evaluated by mental health staff due to limited staff at the prison. He is on medication, but he does not believe the medication is helping his condition. He also fears for his life

---

[1] The letter was filed under seal due to allegations that appear unrelated to the main focus of Bell's letter.

from correctional officers who have sprayed him with mace on several occasions (*Id*.). Bell specifically references one correctional officer, Sergeant Bridwell, who has sprayed Bell and other inmates in the unit with mace. He also alleges that Bridwell has made several sexual slurs towards Bell. He claims that the emergency button in his cell does not work, and officers do not make their required rounds. Nor have they reported his hunger strike. He also has a broken nose and a previous spinal injury that are not being properly treated (*Id*. at p. 2). Most concerning is Bell's claim that the suicide cell he is currently housed in poses risks to his safety. He notes that there is exposed metal and concrete in his cell that he has contemplated using to commit suicide. He requests help, a mental health evaluation, and a transfer to a mental health facility (*Id*. at p. 2). Bell notes that he does not feel safe at Lawrence.

Although labeled as a Complaint on the docket, Bell's filing is merely a letter to the Court requesting help. His filing does not meet the requirements of Federal Rule of Civil Procedure 8. Rule 8(a) requires a complaint to contain "a short and plain statement …showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8(d) requires "simple, concise, and direct" allegations to give defendants notice of the claims against them. *See* FED. R. CIV. P. 8(d); *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). A successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Bell notes the conditions he is experiencing on suicide watch but fails to tie those allegations to a named defendant. He merely informs the Court of the issues with his suicide cell and his inability to obtain proper mental healthcare but fails to allege who he sought care from, when, and their

response, if any. He indicates that the warden is "allowing these incidents to happen" but fails to allege that he has spoken or written to the warden. Bell notes that he and the other inmates on the gallery have been sprayed with mace by Sergeant Bridwell, but he fails to indicate when this occurred or the circumstances surrounding the use of mace. Even if his filing was construed as a Complaint, his allegations simply do not state a viable claim.

The Court is concerned, however, by the allegations in Bell's filing, particularly as it relates to his conditions on suicide watch and the status of his mental health. Bell notes that he is suicidal, his mental health is deteriorating, and he is not receiving adequate treatment. He also notes that he has contemplated suicide and has items at his disposal that could be used in a suicide attempt. Given the concerning allegations, the Court will construe Bell's filing as a request for injunctive relief in which he requests a transfer to another facility and adequate treatment for his mental state (Doc. 1, p. 2).

Accordingly, the Court **DIRECTS** the Clerk of Court to refile Bell's Complaint as a Motion for Preliminary Injunction. The motion shall remain under seal. The Court **ADDS** the current warden of Lawrence Correctional Center, Jeremiah Brown, to the case as a defendant in his official capacity only, for the purpose of responding to the motion. Brown is **DIRECTED** to respond to Bell's motion by **January 3, 2025**. Brown is **DIRECTED** to provide the Court with Bell's current status, including his current location and whether he has been seen recently by mental health staff.

To the extent Bell wishes to proceed on the potential claims in his motion, he is **GRANTED** leave to file a formal Complaint. The Clerk of Court is **DIRECTED** to send

Bell a Section 1983 Complaint form. Bell has until **January 28, 2025** to file a formal Complaint or face possible dismissal of his claims.

Finally, the Clerk of Court shall prepare for Jeremiah Brown (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of Bell's motion, and this Memorandum and Order to Defendant Brown at Lawrence Correctional Center. If Defendant Brown fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:  December 11, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**