IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS BELL,<br><br>    Plaintiff,<br><br>v.<br><br>SERGEANT BRIDWELL,<br>JEREMIAH BROWN, and<br>LAWRENCE CORRECTIONAL CENTER,<br><br>    Defendants. | Case No. 24-cv-2587-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Demetrius Bell, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Bell initially sent a letter to the United States District Court for the Central District of Illinois reporting constitutional violations he was allegedly experiencing on suicide watch at Lawrence. The letter was labeled a Complaint and transferred to this Court (Docs. 1, 2).

After review of Bell's filing, the Court found that the letter failed to meet the requirements of Federal Rule of Civil Procedure 8, and the letter was relabeled as a motion for preliminary injunction (Doc. 6, p. 3). Bell was directed to file a formal Complaint (*Id.*).[1] He was warned that should he fail to file a Complaint within the allotted time, he might face possible dismissal of his claims (Doc. 6, p. 4). He was later granted three extensions of time to file a formal pleading

---

[1] In light of the seriousness of the allegations, Warden Jeremiah Brown was added to the case to respond to the motion for preliminary injunction (Doc. 6, p. 3). The Court ultimately found that Bell was not entitled to injunctive relief, in part, because he had failed to file a formal Complaint (Doc. 41, 6).

(Docs. 41, 45, 49). The last extension granted him until July 11, 2025 to file his Complaint (Doc. 49). He was warned that his failure to file a formal Complaint would result in the dismissal of his claims (*Id.*).

The deadline has now passed, and Bell has not filed a formal Complaint or requested additional time to do so. Accordingly, this entire action is **DISMISSED with prejudice** for failure to comply with a Court Order and failure to prosecute his claims.

If Bell wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Bell does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 31, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**